# Galligan v. Central Railroad of New Jersey.

The service of a summons upon a corporation under the Act of July 9, 1901, P. L. 614, Sec. 2, must be made by "handing a true and attested copy thereof to the President, Secretary, Treasurer, Cashier, Chief Clerk *or other executive officer personally,*" and if the service is not as provided in said act, the proceedings will be reversed.

Where the return shows that the service was upon the chief clerk of a *department* of the corporation, and not the chief clerk in the executive department of the defendant corporation, the proceedings will be reversed.

SERVICE OF SUMMONS UPON A CORPORATION—CHIEF CLERK OF A DEPARTMENT—CERTIORARI.

No. 70, January Term, 1903, C. P. of Luzerne Co.

Certiorari to Henry Brenner, Alderman, 12th ward of the City of Wilkes-Barre, Pa.

Arthur Hillman, Esq., for Exceptions.

Ernest K. Little Esq., Contra.

Opinion by G. L. HALSEY, A. L. J., March 16, 1903.

## EXCEPTIONS:

Exceptions on the part of the defendant to the record returned by the Alderman in above case.

1. The cause of action is for "wages of manual labor for one day's work, labor done April 30, 1902, for and at the request of the defendant in Luzerne county" and does not state the character of the work or at what place in Luzerne county it was performed.

2. The service of the summons was on "Wm. Masters, chief clerk, freight department" and not on an executive officer as provided in Act of 9 July, 1901.

## OPINION:

Judgment was entered against the defendant in favor of the plaintiff by default on December 5th, 1902, for $2.19. The return of the service of the summons is, "Served this writ on

Galligan v. Central Railroad of New Jersey.

Wm. Masters, chief clerk, freight department of the within-named defendant on the 29th day of November, 1902, by handing a true and attested copy thereof to him personally."

The clause in the Act of the 9th of July, 1901, P. L. 614, Sec. 2 provides among other methods of serving summons upon a corporation, "By handing a true and attested copy thereof to the president, Secretary, Treasurer, Cashier, Chief Clerk or other executive officer personally." It occurs to us that the service such as is provided in the paragraph quoted must be upon an officer at the executive office having the direction and execution of the corporation. The return here shows that the service was upon the chief clerk of a department of the corporation. We are moved to conclude that this is so by paragraph E of the same section which provides for a service by handing a true and attested copy thereof at any of its offices, or places of business to its agent or person for the time being in charge thereof.

The return in our judgment shows that Wm. Masters was not a chief clerk in the executive department of the defendant corporation.

Exceptions sustained.   Proceedings reversed.

Reported by G. Fred Lazarus, Esq.,

Wilkes-Barre, Pa.